S/HEINDLIN, J

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
WELLS FARGO & CO.,
                      Plaintiff,

             v.                             No. 1:08-cv-8716 (SAS)

CITIGROUP INC.,
                      Defendant.
------------------------------------------------------------x
WACHOVIA CORPORATION,
                      Plaintiff,

             v.                             No. 1:08-cv-8503 (SAS)

CITIGROUP INC.,
                      Defendant.
------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/23/09

## STIPULATION AND ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION

This matter having come before the Court by stipulation of plaintiffs, Wells Fargo & Co. and Wachovia Corporation, and defendant, Citigroup Inc., for the entry of a protective order limiting the review, copying, dissemination and filing of confidential and/or proprietary documents and information to be produced by either party and their respective counsel or by any non-party in the course of discovery in the above-captioned actions and *Citigroup Inc. v. Wachovia Corporation, et al.*, Sup. Ct. N.Y. Co., No. 602872/2008 (the "State Court Action") to the extent set forth below; and the parties, by, between and among their respective counsel, having stipulated and agreed to the terms set forth herein, and good cause having been shown;

1

IT IS hereby ORDERED that:

1. This Stipulation is being entered into to facilitate the production, exchange and discovery of documents and information that the parties agree merit confidential treatment (hereinafter the "Documents" or "Testimony"). It is anticipated by the parties that this Stipulation will be presented to both this Court and the court presiding over the State Court Action.

2. References to a "party" in this Stipulation shall be deemed to include all non-parties. References to "these actions" in this Stipulation shall be deemed to include the above-captioned actions and the State Court Action.

3. Any party may designate Documents produced, or Testimony given, in connection with these actions as "confidential" or "highly confidential," either by notation on the document, statement on the record of the deposition, written advice to the respective undersigned counsel for the parties hereto, or by other appropriate means.

4. As used herein:

(a) "Confidential Information" shall mean all Documents and Testimony, and all information contained therein, and other information designated as confidential, if such Documents or Testimony contain information that is (i) confidential (meaning that it is not generally known and not readily ascertainable from public sources); (ii) proprietary, trade secret, competitively sensitive or personal information; or (iii) other information the disclosure of which would, in the good faith judgment of the party designating the material as confidential, be detrimental to the conduct of that party's business or the business of any of that party's customers or clients absent the protections accorded by this Stipulation for Confidential Information.

(b) "Highly Confidential Information" shall mean all Documents and Testimony, and all information contained therein, and other information designated as highly confidential, if such Documents or Testimony contain information relating to (i) individuals' family, financial, medical or personnel records; (ii) current or prospective business plans, market analysis, internal strategy or proprietary planning processes; (iii) a party's own trade secrets and/or proprietary information; (iv) non-public information relating to past, current or potential future customers or competitors; (v) non-public information relating to past, current or future financial information and reports; (vi) material or information in possession of a party concerning which said party has an independent obligation of confidentiality to a third party; or (vii) other information, the disclosure of which would, in the good faith judgment of the party designating the material as highly confidential, be detrimental to the conduct of that party's business or the business of any of that party's customers or clients absent the protections accorded by this Stipulation for Highly Confidential Information.

(c) "Producing Party" shall mean the party to these actions and/or any non-party producing Confidential Information or Highly Confidential Information (collectively, "Protected Material") in connection with depositions, document production or otherwise, or the party asserting the confidentiality privilege, as the case may be.

(d) "Receiving Party" shall mean the party to these actions and/or any non-party receiving Protected Material in connection with depositions, document production or otherwise.

5. The Receiving Party may, at any time, notify the Producing Party that the Receiving Party does not concur in the designation of a document or other material as Confidential Information or Highly Confidential Information. If the Producing Party does not

3

agree to declassify such document or material, the Receiving Party may move before the Court for an order declassifying those documents or materials. If no such motion is filed, such documents or materials shall continue to be treated as Confidential Information or Highly Confidential Information. If such motion is filed, the documents or other materials shall be deemed Confidential Information or Highly Confidential Information unless and until the Court rules otherwise.

      6. Except with the prior written consent of the Producing Party or by Order of the Court, Confidential Information shall not be furnished, shown or disclosed to any person or entity except to:

      (a) deposition witnesses;

      (b) in-house counsel for the parties to these actions actually engaged in assisting in the preparation of these actions for trial or other proceeding herein and who have been advised of their obligations hereunder;

      (c) outside counsel for the parties to these actions and their associated attorneys, paralegals and other professional personnel (including support staff) who are directly assisting such counsel in the preparation of these actions for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

      (d) expert witnesses or consultants retained by the parties or their counsel to furnish technical or expert services in connection with these actions or to give testimony with respect to the subject matter of these actions at the trial of these actions or other proceeding herein; provided, however, that such Confidential Information is furnished, shown or disclosed in accordance with paragraph 9 hereof;

   (e) the Court and Court personnel, if filed in accordance with paragraph 14 hereof;

   (f) an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer, if furnished, shown or disclosed in accordance with paragraph 12 hereof;

   (g) trial witnesses, if furnished, shown or disclosed in accordance with paragraph 11 hereof; and

   (h) any other person agreed to by the parties.

   7. Except with the prior written consent of the Producing Party or by Order of the Court or as otherwise provided in this paragraph, Highly Confidential Information shall not be furnished, shown or disclosed to any person or entity except to the persons described in subparagraphs (c), (d), (e), (f), (g) and (h) of paragraph 6, and in accordance with the terms set forth therein. Highly Confidential Information may also be furnished, shown or disclosed to any person included in subparagraph (a) of this paragraph who, as indicated on the face of a Highly Confidential Document or otherwise, is either the author or recipient of such Highly Confidential Information. Highly Confidential Information may also be furnished, shown or disclosed to designated in-house counsel who are responsible for the prosecution or defense of this matter (such designation(s) shall be made by letter to the Producing Party identifying counsel by name).

   8. Protected Material shall be utilized by the Receiving Party and its counsel only for purposes of these actions and for no other purposes.

   9. Before any disclosure of Protected Material is made to an expert witness or consultant pursuant to paragraph 6(d) hereof, counsel for the Receiving Party shall provide the expert witness or consultant with a copy of this Stipulation, and the expert witness or consultant

shall execute the certificate in the form of Exhibit A annexed hereto. Counsel for the party obtaining the certificate shall supply a copy to counsel for the other party or parties at the time of the disclosure of the information, except that any certificate signed by an expert or consultant may be produced with the name, address, present employer, occupation or job description, and signature of such expert or consultant redacted.

10. All depositions shall presumptively be treated as Highly Confidential Information and subject to this Stipulation during the deposition and for a period of fifteen (15) days after a transcript of said deposition is received by counsel for each of the parties. At or before the end of such fifteen day period, the deposition shall be classified appropriately.

11. Should the need arise for any of the parties to disclose Protected Material during any hearing or trial before the Court, including through argument or the presentation of evidence, such party may do so only after taking such steps as the Court, upon motion of the disclosing party, shall deem necessary to preserve the confidentiality of such Protected Material.

12. Any stenographer and deposition witness who is given access to Protected Material shall, prior thereto, be provided with a copy of this Stipulation and shall execute the certificate in the form of Exhibit A annexed hereto. Counsel for the party obtaining the certificate shall supply a copy to counsel for the other party.

13. A party may designate as Confidential Information or Highly Confidential Information subject to this Stipulation any document, information, or deposition testimony produced or given by any non-party to this case, or any portion thereof. In the case of Documents, designation shall be made by notifying all counsel in writing of those documents which are to be stamped and treated as such at any time up to fifteen (15) days after actual receipt of copies of those documents by counsel for the party asserting the confidentiality

6

privilege. In the case of deposition Testimony, designation shall be made by notifying all counsel in writing of those portions which are to be stamped or otherwise treated as such at any time up to fifteen (15) days after the transcript is received by counsel for the party asserting the confidentiality privilege. Prior to the expiration of such fifteen (15) day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all such documents shall be treated as Highly Confidential Information.

       14.     In the event that counsel for any party determines to file with the Court any pleadings, motions, affidavits, briefs, exhibits or other papers which contain or make reference to Protected Material, the following procedures shall be used:

       (a)     Any pleadings, motions, affidavits, briefs, exhibits or other papers which contain or make reference to Protected Material shall be filed under seal in a sealed envelope labeled with the caption, the title or a description of the document, and a statement substantially in the following form shall be endorsed on the cover:

"CONFIDENTIAL—SUBJECT TO COURT ORDER"

All such materials shall be accepted by the Clerk of the Court for filing without further Court order and shall be maintained by the Clerk of the Court separate from the public records in these actions and shall be released only upon further Order of the Court.

       (b)     Any party filing a document with the Court under seal may file a copy of such document for public inspection omitting the Protected Material that caused the original document to be filed under seal.

       (c)     Notwithstanding the provisions of this paragraph, any party producing information may apply to the Court for an order, before or subsequent to the filing of information

under seal, that such information not be filed under seal or that such information be available for public inspection in accordance with applicable law.

(d) Documents containing Protected Material filed under seal pursuant to this paragraph shall not be served via Electronic Case Filing ("ECF"). Such material shall instead be served on counsel, and a notice of such service and filing shall be served via ECF. Documents filed pursuant to subsection (b) of this paragraph shall be served via ECF.

15. Any person receiving Protected Material shall not reveal or discuss such material to or with any person not entitled to receive such material under the terms hereof.

16. Any document or information that may contain Protected Material that has been inadvertently produced without identification as to its "confidential" or "highly confidential" nature as provided in paragraphs 3 and/or 13 of this Stipulation may be so designated by the party asserting the confidentiality privilege by written notice to the undersigned counsel for the Receiving Party identifying the document or information as "confidential" or "highly confidential" within a reasonable time following the discovery that the document or information has been produced without such designation.

17. Extracts and summaries of Protected Material shall also be treated as "confidential" or "highly confidential" in accordance with the provisions of this Stipulation.

18. The production or disclosure of Protected Material shall in no way constitute a waiver of any party's right to object to the production or disclosure of such information or any other information in these actions or in any other action.

19. This Stipulation is entered into without prejudice to the right of any party to seek relief from, or modification of, this Stipulation or any provisions thereof by properly noticed motion to the Court or to challenge any designation of confidentiality as inappropriate

under the Civil Practice Law and Rules, the Federal Rules of Civil Procedure or other applicable rules or laws.

20.     This Stipulation shall continue to be binding after the conclusion of these actions except:

(a)     that there shall be no restriction on documents that are used as exhibits in Court in accordance with this Stipulation (unless such exhibits were filed under seal); and (b) that a party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of any part of the Stipulation. The provisions of this Stipulation shall otherwise, absent prior written consent of all parties, continue to be binding after the conclusion of these actions.

21.     If, in connection with the litigation of these actions, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information, in which event the disclosure is also not a waiver in any other Federal or State proceeding.

22.     If the Producing Party makes a claim of inadvertent disclosure, the Receiving Party shall, within five (5) business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed, including any notes or summaries that may have been made of the Inadvertently Disclosed Information.

23.   Within five (5) business days of the notification that such Inadvertently Disclosed Information has been retuned or destroyed, the Producing Party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

24.   The Receiving Party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal, and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

25.   The Producing Party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an in camera review of Inadvertently Disclosed Information.

26.   Within sixty (60) days after the final termination of these actions by settlement or exhaustion of all appeals, all Protected Material produced or designated and all reproductions thereof shall be returned to the Producing Party or shall be destroyed, at the option of the Producing Party. In the event that any party chooses to destroy physical objects and documents, such party shall certify in writing within sixty (60) days of the final termination of these actions that it has undertaken its best efforts to destroy such physical objects and documents, and that such physical objects and documents have been destroyed to the best of its knowledge. Notwithstanding anything to the contrary, counsel of record for the parties may retain one copy of documents constituting work product, a copy of pleadings, motion papers, discovery responses, deposition transcripts and deposition and trial exhibits. This Stipulation shall not be interpreted in a manner that would violate any applicable cannons of ethics or codes of professional responsibility. Nothing in this Stipulation shall prohibit or interfere with the ability of counsel for any party, or of experts specially retained for this case, to represent any

individual, corporation, or other entity adverse to any party or its affiliate(s) in connection with any other matters.

27.     This Stipulation may be changed by further order of this Court, and is without prejudice to the rights of a party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

28.     This Stipulation may be executed in counterparts, each of which shall be considered to be an original and total copy. Any party may deliver its signed counterpart by facsimile or electronic transmission. Delivery by facsimile or electronic transmission shall have the same legal effect as if a signed original was delivered.

Dated: December 22, 2009

| | |
|---|---|
| FRIEDMAN KAPLAN SEILER & ADELMAN LLP | GREGORY P. JOSEPH LAW OFFICES LLC |
| By: _____ | By: _____ |
| Eric Seiler, Esq. | Gregory P. Joseph, Esq. |
| 1633 Broadway | 485 Lexington Avenue, 30th Floor |
| New York, New York 10019 | New York, New York 10017 |
| (212) 833-1100 | (212) 407-1210 |
| *Attorneys for Plaintiffs* | |

WILMER CUTLER PICKERING HALE AND DORR LLP
399 Park Avenue
New York, New York 10022
(212) 230-8800

*Attorneys for Defendant*

SO ORDERED:

_____
SHIRA A. SCHEINDLIN, U.S.D.J.

12/23/09

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
WELLS FARGO & CO.,                                          :
                                                            :
                    Plaintiff,                                :
                                                            :
              v.                                         :    No. 1:08-cv-8716 (SAS)
                                                            :
CITIGROUP INC.,                                             :
                                                            :
                    Defendant.                                :
                                                            :
------------------------------------------------------------x
                                                            :
WACHOVIA CORPORATION,                                       :
                                                            :
                    Plaintiff,                                :
                                                            :
              v.                                         :    No. 1:08-cv-8503 (SAS)
                                                            :
CITIGROUP INC.,                                             :
                                                            :
                  Defendant.                                :
                                                            :
------------------------------------------------------------x

**AGREEMENT WITH RESPECT TO CONFIDENTIAL MATERIAL**

I, _____, state that:

    1.    My address is _____.

    2.    My present employer is _____.

    3.    My present occupation or job description is _____.

4. I have received a copy of the Stipulation for the Production and Exchange of Confidential Information (the "Stipulation") entered in the above-captioned actions and *Citigroup Inc. v. Wachovia Corporation, et al.*, Sup. Ct. N.Y. Co., No. 602872/2008 on _____.

5. I have carefully read and understand the provisions of the Stipulation.

6. I will comply with all of the provisions of the Stipulation.

7. I will hold in confidence, will not disclose to anyone not qualified under the Stipulation, and will use only for purposes of these actions, any Protected Material that is disclosed to me.

8. I will return all Protected Material that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Protected Material.

9. I hereby submit to the jurisdiction of this court for the purpose of enforcement of the Stipulation in these actions.

Dated: _____