UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WACHOVIA CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 08-CV-8503 (SAS) |
| | ) |
| CITIGROUP INC., | ) ECF CASE |
| | ) |
| Defendant. | ) |

## ANSWER OF DEFENDANT CITIGROUP INC.

Defendant Citigroup Inc. ("Citigroup" or "Defendant"), as and for its Answer to the Amended Complaint of Wachovia Corporation ("Wachovia" or "Plaintiff"), denies each and every allegation contained in the Amended Complaint except as admitted or otherwise qualified herein, and alleges on knowledge with respect to its own acts and on information and belief as to all other matters that it:

1.　Avers that no answer is required with respect to ¶ 1 of the Amended Complaint, which contains Plaintiff's characterization of this action; and to the extent any answer is required, denies the allegations contained in ¶ 1 of the Amended Complaint.

2.　Admits the allegations contained in ¶ 2 of the Amended Complaint.

3.　Admits the allegations contained in ¶ 3 of the Amended Complaint.

4.　Avers that the allegations contained in ¶ 4 of the Amended Complaint assert legal conclusions to which no answer is required; and to the extent any answer is required, denies the allegations contained in ¶ 4 of the Amended Complaint.

5.　Denies the allegations contained in the first sentence of ¶ 5 of the Amended Complaint; admits that Citigroup transacts business within this District; avers that the allegations contained in the remainder of ¶ 5 of the Amended Complaint assert legal conclusions to which

no answer is required; and to the extent any answer to the allegations contained in the remainder of ¶ 5 of the Amended Complaint is required, denies those allegations.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 6 of the Amended Complaint; except admits upon information and belief that by the end of September 2008, certain banks and financial institutions had experienced financial problems, resulting in certain of them failing to meet financial obligations and/or needing government assistance.

7. Denies the allegations contained in ¶ 7 of the Amended Complaint; except admits that Wachovia was in financial distress in late September 2008; admits that during the weekend including September 27-28, Citigroup and Wells Fargo & Company ("Wells Fargo") conducted due diligence on Wachovia and engaged in discussions with Wachovia; admits that Citigroup had expressed interest in doing a transaction with Wachovia; and admits upon information and belief that on Sunday evening (September 28) Wells Fargo informed Wachovia that it would not be making the offer it had previously discussed with Wachovia.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 8 of the Amended Complaint; except admits upon information and belief that on Sunday evening (September 28), representatives of the Federal Deposit Insurance Corporation ("FDIC") communicated to Wachovia the view that Wachovia's impending failure posed a systemic risk to the nation's banking system as a whole; admits that Citigroup made a proposal to the FDIC on Sunday evening (September 28) for a transaction with Wachovia; and denies Plaintiff's characterization of Citigroup's proposal.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 9 of the Amended Complaint; except admits that ¶ 9 quotes certain excerpts from the minutes of the September 28, 2008 meeting of the Board of Governors of the Federal Reserve System (the "Federal Reserve Board") and respectfully refers to the full minutes of the that meeting for their contents.

10. Denies the allegations contained in ¶ 10 of the Amended Complaint; except admits that the FDIC identified Citigroup as the winning bidder in the early morning hours of Monday, September 29, 2008.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 11 of the Amended Complaint; except admits upon information and belief that there was a 6:04 a.m. meeting of the FDIC's board of directors on September 29, 2008; admits that ¶ 11 quotes certain excerpts from the minutes of that meeting; and respectfully refers to the full minutes of that meeting for their contents.

12. Admits the allegations contained in ¶ 12 of the Amended Complaint insofar as they quote excerpts from the minutes of the FDIC's September 29, 2008 board meeting; and respectfully refers to the full minutes of that meeting for their contents.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 13 of the Amended Complaint; except admits that ¶ 13 quotes certain excerpts from the FDIC's September 29, 2008 board meeting; and respectfully refers to the full minutes of that meeting for their contents.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 14 of the Amended Complaint; except avers that the allegations in ¶ 14 of the Amended Complaint that the Secretary of the Treasury "invoked the systemic-risk provision of section 13 of the FDIA with respect to Wachovia" assert legal conclusions to which no answer is required; and to the extent any answer to those allegations is required, denies those allegations.

15. Denies the allegations contained in ¶ 15 of the Amended Complaint; except admits that during the morning of Monday, September 29, 2008, Citigroup and Wachovia entered into an Agreement in Principle under which Citigroup was to acquire Wachovia's commercial banking subsidiaries and certain other businesses for approximately $2.16 billion plus the assumption of approximately $53.2 billion of senior and subordinated Wachovia debt; and respectfully refers to the Agreement in Principle for its contents.

16. Denies the allegations contained in ¶ 16 of the Amended Complaint and respectfully refers to the Agreement in Principle for its contents; except avers that the allegations contained in the third sentence of ¶ 16 of the Amended Complaint assert legal conclusions to which no answer is required; and to the extent any answer to the allegations contained in the third sentence of ¶ 16 of the Amended Complaint is required, denies those allegations.

17. Denies the allegations contained in ¶ 17 of the Amended Complaint; except admits that on September 29, 2008, Citigroup and Wachovia entered into a binding agreement (the "Exclusivity Agreement"), pursuant to which Wachovia agreed, *inter alia*, not to negotiate or enter into any competing acquisition agreement during the exclusivity period, which ran through October 6, 2008; and respectfully refers to the Exclusivity Agreement for its contents.

18. Denies the allegations contained in ¶ 18 of the Amended Complaint; except admits that by October 2, 2008, Wachovia and Citigroup had reached an agreement on all issues of consequence, and had further agreed that a definitive agreement would be quickly documented and that final documents would be executed before the close of business on the following day.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 19 of the Amended Complaint; except admits that in an email to Citigroup dated October 2, 2008, FDIC Chairman Sheila Bair stated that the FDIC would appreciate continuing consultations concerning any changes in the deal between Citigroup and Wachovia.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 20 of the Amended Complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 21 of the Amended Complaint; except admits upon information and belief that Wachovia CEO Robert Steel spoke with Chairman Bair at approximately 7:15 p.m. on October 2, 2008.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 22 of the Amended Complaint; except admits upon information and

4

belief that on October 2, 2008, Wachovia's General Counsel, Jane Sherburne, spoke with Chairman Bair.

23.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 23 of the Amended Complaint.

24.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 24 of the Amended Complaint; except admits upon information and belief that Steel and Kovacevich spoke at approximately 9:00 p.m. on October 2, 2008, and that during that call, Kovacevich told Steel that he would be forwarding a signed, Board-approved merger agreement.

25.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 25 of the Amended Complaint; except admits upon information and belief that at approximately 9:04 p.m. on October 2, 2008, Steel received an email from Kovacevich and respectfully refers to that email and its attachments for their contents.

26.     Denies the allegations contained in ¶ 26 of the Amended Complaint; except admits that by October 2, 2008, Wachovia and Citigroup had reached an agreement on all issues of consequence, and had further agreed that a definitive agreement would be quickly documented and that final documents would be executed before the close of business on the following day; and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the last sentence of ¶ 26 of the Amended Complaint; except admits that as of October 2, 2008, the FDIC had not delivered to Citigroup a signed agreement to provide loss protection in connection with the Citigroup-Wachovia transaction.

27.     Denies the allegations contained in ¶ 27 of the Amended Complaint; except denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 27 concerning the time when Wachovia's board approved the transaction with Wells Fargo and the time when Wachovia and Wells Fargo signed a definitive merger agreement.

28. Denies the allegations contained in ¶ 28 of the Amended Complaint; except admits that at approximately 2:15 a.m. on Friday, October 3, 2008, Steel advised Citigroup that Wachovia had already signed a definitive acquisition agreement with Wells Fargo on a call with other participants; admits that Wachovia refused to participate in further discussions with Citigroup; and admits that at approximately 7:15 a.m. on October 3, 2008, Wachovia issued a press release announcing that Wachovia and Wells Fargo had "signed a definitive agreement for the merger of the two companies."

29. Denies the allegations contained in ¶ 29 of the Amended Complaint; except admits that Citigroup has publicly stated its position that the merger agreement between Wachovia and Wells Fargo (the "Wells Fargo-Wachovia Agreement") and the negotiations and conduct that preceded it violated the express, unambiguous language of the Exclusivity Agreement; admits that Exhibit D is a true and correct copy of a press release issued by Citigroup on October 3, 2008; admits that on the morning of October 3, 2008, Citigroup's outside counsel forwarded to Chairman Bair an email and respectfully refers to the email for its contents; and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the fifth sentence of ¶ 29 of the Amended Complaint.

30. Denies the allegations contained in ¶ 30 of the Amended Complaint; except admits that the FDIC issued a press release on October 3, 2008 and that ¶ 30 of the Amended Complaint quotes an excerpt from that press release; and respectfully refers to the full press release for its contents.

31. Denies the allegations contained in ¶ 31 of the Amended Complaint, except admits that ¶ 31 purports to excerpt portions of remarks by Chairman Bair and respectfully refers to those remarks for their contents.

32. Denies the allegations contained in ¶ 32 of the Amended Complaint; except admits that at certain times between October 3, 2008 and October 9, 2008, Wells Fargo and Citigroup had discussions with one another and with the FDIC.

33. Denies the allegations contained in ¶ 33 of the Amended Complaint; except admits that on October 4, 2008, Citigroup commenced an action against Wachovia, Wells Fargo and others in New York State court, asserting, *inter alia*, claims of breach of contract against Wachovia and tortious interference with contract against Wells Fargo and seeking injunctive relief; and admits that Wachovia subsequently filed an action against Citigroup seeking declaratory relief; respectfully refers to the parties' filings and the public docket for their contents; admits that on October 9, 2008, Citigroup announced its decision to withdraw its request for injunctive relief; and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the actions of the Federal Reserve Board on October 9, 2008.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 34 of the Amended Complaint concerning the actions of the Federal Reserve Board; except admits that Citigroup submitted certain objections to the Federal Reserve Board concerning the Wachovia-Wells Fargo merger; admits that ¶ 34 of the Amended Complaint quotes excerpts from the Federal Reserve Board's October 21, 2008 statement; and respectfully refers to the full October 21, 2008 statement for its contents.

35. Admits the allegations contained in ¶ 35 of the Amended Complaint.

36. Denies the allegations contained in ¶ 36 of the Amended Complaint; except admits that on October 4, 2008, Citigroup commenced an action against Wachovia, Wells Fargo and the members of their boards of directors in the Supreme Court of the State of New York, County of New York.

37. Denies the allegations contained in ¶ 37 of the Amended Complaint, except admits that the parties entered into a written stipulation on October 7, 2010; and respectfully refers to that stipulation for its contents; admits that Wachovia attaches Citigroup's Amended Complaint as Exhibit H to the Amended Complaint; and respectfully refers to that document for its contents.

38.     Denies the allegations contained in ¶ 38 of the Amended Complaint; except admits that on October 14, 2010, Citigroup filed a Second Amended Complaint in the state court action, pursuant to which Citigroup pleads five causes of action against Wachovia, Wells Fargo and members of Wells Fargo's board of directors.

39.     Denies the allegations contained in ¶ 39 of the Amended Complaint; denies Wachovia's characterization of the Second Amended Complaint; and respectfully refers to the full Second Amended Complaint for its contents.

40.     Denies the allegations contained in ¶ 40 of the Amended Complaint; denies Wachovia's characterization of the Second Amended Complaint; and respectfully refers to the full Second Amended Complaint for its contents.

41.     Denies the allegations contained in ¶ 41 of the Amended Complaint; denies Wachovia's characterization of the Second Amended Complaint; and respectfully refers to the full Second Amended Complaint for its contents.

42.     Denies the allegations contained in ¶ 42 of the Amended Complaint.

43.     Denies the allegations contained in ¶ 43 of the Amended Complaint; except admits that Citigroup's Second Amended Complaint contains changes and modifications from Citigroup's prior complaint; and respectfully refers to the full first amended complaint and Second Amended Complaint for their contents.

44.     Denies the allegations contained in ¶ 44 of the Amended Complaint; denies Wachovia's characterization of the Second Amended Complaint; and respectfully refers to the full Second Amended Complaint for its contents.

45.     Incorporates by reference the answer to all preceding paragraphs as if fully incorporated herein and otherwise denies the allegations contained in ¶ 45 of the Amended Complaint.

46.     Avers that the allegations contained in ¶ 46 of the Amended Complaint assert legal conclusions to which no answer is required; and to the extent any answer is required, denies the allegations contained in ¶ 46 of the Amended Complaint except admits that the Emergency

Economic Stabilization Act was signed into federal law on October 3, 2008; and respectfully refers to the full statute referred to therein for its contents.

47. Avers that the allegations contained in ¶ 47 of the Amended Complaint assert legal conclusions to which no answer is required; and to the extent any answer is required, denies the allegations contained in ¶ 47 of the Amended Complaint; and respectfully refers to the full statutes referred to therein for their contents.

48. Avers that the allegations contained in ¶ 48 of the Amended Complaint assert legal conclusions to which no answer is required; and to the extent any answer is required, denies the allegations contained in ¶ 48 of the Amended Complaint; and respectfully refers to the full statutes referred to therein for their contents.

49. Denies the allegations contained in ¶ 49 of the Amended Complaint; except admits that Citigroup contends that the Wells Fargo-Wachovia Agreement and the negotiations that preceded it violated the express, unambiguous language of the Exclusivity Agreement.

50. Avers that the allegations contained in ¶ 50 of the Amended Complaint assert legal conclusions to which no answer is required; and to the extent any answer is required, denies the allegations contained in ¶ 50 of the Amended Complaint.

51. Denies the allegations contained in ¶ 51 of the Amended Complaint; avers that the allegations contained in ¶ 51 of the Amended Complaint assert legal conclusions to which no answer is required; and to the extent any answer is required, denies the allegations contained in ¶ 51 of the Amended Complaint; and respectfully refers to the Exclusivity Agreement for its contents.

52. Admits the allegations contained in ¶ 52 of the Amended Complaint.

53. Admits the allegations contained in the first sentence of ¶ 53 of the Amended Complaint; avers that the allegations contained in the second sentence of ¶ 53 of the Amended Complaint assert legal conclusions to which no answer is required; and to the extent an answer is required, denies the allegations contained in ¶ 53 of the Amended Complaint.

54. Avers that the allegations contained in ¶ 54 of the Amended Complaint assert legal conclusions to which no answer is required; and to the extent an answer is required, denies the allegations contained in ¶ 54 of the Amended Complaint.

55. Avers that the allegations contained in ¶ 55 of the Amended Complaint assert legal conclusions to which no answer is required; and to the extent any such answer is required, denies the allegations contained in ¶ 55 of the Amended Complaint.

56. Avers that the allegations contained in ¶ 56 of the Amended Complaint assert legal conclusions to which no answer is required; and to the extent an answer is required, denies the allegations contained in ¶ 56 of the Amended Complaint.

57. Avers that the allegations contained in ¶ 57 of the Amended Complaint assert legal conclusions to which no answer is required; and to the extent an answer is required, denies the allegations contained in ¶ 57 of the Amended Complaint.

58. Avers that the allegations contained in ¶ 58 of the Amended Complaint assert legal conclusions to which no answer is required; and to the extent an answer is required, denies the allegations contained in ¶ 58 of the Amended Complaint.

59. Avers that the allegations contained in ¶ 59 of the Amended Complaint assert legal conclusions to which no answer is required; and to the extent an answer is required, denies the allegations contained in ¶ 59 of the Amended Complaint.

60. Avers that the allegations contained in ¶ 60 of the Amended Complaint assert legal conclusions to which no answer is required; and to the extent an answer is required, denies the allegations contained in ¶ 60 of the Amended Complaint.

61. Avers that the allegations contained in ¶ 61 of the Amended Complaint assert legal conclusions to which no answer is required; and to the extent an answer is required, denies the allegations contained in ¶ 61 of the Amended Complaint.

62. Avers that the allegations contained in ¶ 62 of the Amended Complaint assert legal conclusions to which no answer is required; and to the extent an answer is required, denies the allegations contained in ¶ 62 of the Amended Complaint.

63.     Avers that the allegations contained in ¶ 63 of the Amended Complaint assert legal conclusions to which no answer is required; and to the extent an answer is required, denies the allegations contained in ¶ 63 of the Amended Complaint.

64.     Denies the allegations contained in ¶ 64 of the Amended Complaint; except admits that Citigroup has asserted claims in its Second Amended Complaint and respectfully refers to those claims for their contents.

65.     Avers that the allegations contained in ¶ 65 of the Amended Complaint assert legal conclusions to which no answer is required; and to the extent an answer is required, denies the allegations contained in ¶ 65 of the Amended Complaint; except admits that Citigroup has asserted claims in its Second Amended Complaint and respectfully refers to those claims for their contents.

66.     Avers that the allegations contained in ¶ 66 of the Amended Complaint assert legal conclusions to which no answer is required; and to the extent an answer is required, denies the allegations contained in ¶ 66 of the Amended Complaint.

67.     Avers that the allegations contained in ¶ 67 of the Amended Complaint assert legal conclusions to which no answer is required; to the extent an answer is required, denies the allegations contained in ¶ 67 of the Amended Complaint.

68.     Avers that the allegations contained in ¶ 68 of the Amended Complaint assert legal conclusions to which no answer is required; and to the extent an answer is required, denies the allegations contained in ¶ 68 of the Amended Complaint.

69.     Incorporates by reference the answer to all preceding paragraphs as if fully incorporated herein and otherwise denies the allegations contained in ¶ 69 of the Amended Complaint.

70.     Avers that the allegations contained in ¶ 70 of the Amended Complaint assert legal conclusions to which no answer is required; and to the extent an answer is required, denies the allegations contained in ¶ 70 of the Amended Complaint.

71. Avers that the allegations contained in ¶ 71 of the Amended Complaint assert legal conclusions to which no answer is required; and to the extent an answer is required, denies the allegations contained in ¶ 71 of the Amended Complaint.

72. Avers that the allegations contained in ¶ 72 of the Amended Complaint assert legal conclusions to which no answer is required; and to the extent an answer is required, denies the allegations contained in ¶ 72 of the Amended Complaint.

73. Avers that the allegations contained in ¶ 73 of the Amended Complaint assert legal conclusions to which no answer is required; and to the extent an answer is required, denies the allegations contained in ¶ 73 of the Amended Complaint.

74. Avers that the allegations contained in ¶ 74 of the Amended Complaint assert legal conclusions to which no answer is required; and to the extent an answer is required, denies the allegations contained in ¶ 74 of the Amended Complaint.

75. Avers that the allegations contained in ¶ 75 of the Amended Complaint assert legal conclusions to which no answer is required; and to the extent an answer is required, denies the allegations contained in ¶ 75 of the Amended Complaint.

76. Avers that the allegations contained in ¶ 76 of the Amended Complaint assert legal conclusions to which no answer is required; and to the extent an answer is required, denies the allegations contained in ¶ 76 of the Amended Complaint.

77. Denies the allegations contained in the "Wherefore" clause of the Amended Complaint and further denies Wachovia's entitlement to any order, judgment, award or relief requested in the Complaint.

## AFFIRMATIVE DEFENSES

78. As and for Citigroup's affirmative defenses to the allegations contained in the Complaint, Citigroup respectfully avers that:

## FIRST DEFENSE

79. The Complaint fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

80. Plaintiff's claims are barred in whole or in part by virtue of a prior and pending action between the parties in the Supreme Court of the State of New York, County of New York.

**THIRD DEFENSE**

81. Plaintiff's claims are barred in whole or in part by the doctrine of abstention.

**FOURTH DEFENSE**

82. Plaintiff's claims are barred in whole or in part because there is no private right of action under Section 126(c) of the EESA.

**FIFTH DEFENSE**

83. Plaintiff's claims are barred in whole or in part because, to the extent Section 126(c) of the EESA is found to impair Citigroup's rights under the Exclusivity Agreement, it is unconstitutional and void under the Due Process Clause of the Fifth Amendment of the U.S. Constitution.

**SIXTH DEFENSE**

84. Plaintiff's claims are barred in whole or in part because Section 126(c) of the EESA does not affect Citigroup's fully vested causes of action.

**SEVENTH DEFENSE**

85. Plaintiff's claims are barred in whole or in part because Section 126(c) of the EESA does not retroactively protect actions taken by a person before the date of the enactment of the EESA.

**EIGHTH DEFENSE**

86. This action should be dismissed for failure to join an indispensable party.

**NINTH DEFENSE**

87. Plaintiff's claims are barred by the doctrines of waiver and estoppel.

**TENTH DEFENSE**

88. Plaintiff lacks standing to assert any claim under Section 126(c) of the EESA.

### ELEVENTH DEFENSE

89. Plaintiff's claims are barred in whole or in part because Plaintiff is not a "person" within the meaning of Section 126(c) of the EESA; that provision purports to free bidders of contractual restrictions, not targets.

### TWELFTH DEFENSE

90. Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

### THIRTEENTH DEFENSE

91. This Court lacks subject matter jurisdiction over this action.

### FOURTEENTH DEFENSE

92. This action fails for lack of a justiciable controversy.

### FIFTEENTH DEFENSE

93. This action fails under the Declaratory Judgment Act.

### SIXTEENTH DEFENSE

94. This action fails because Plaintiff cannot establish each of the elements of Section 126(c) of the EESA.

### SEVENTEENTH DEFENSE

95. Plaintiff's Amended Complaint fails in that it seeks relief that is improper and barred by the Anti-Injunction Act, the Declaratory Judgment Act and principles of comity and federalism.

WHEREFORE, Defendant prays for judgment denying Plaintiff's request for relief, dismissing Plaintiff's lawsuit in its entirety with prejudice, assessing costs and attorneys' fees against Plaintiff, and awarding the Defendant such other and further relief as this Court may deem just and proper.

Dated:  New York, NY
        October 28, 2010

                                                      /s/
_____

Gregory P. Joseph, Esq.
Pamela Jarvis, Esq.
Douglas J. Pepe, Esq.
Rachel M. Cherington, Esq.
Samuel N. Fraidin, Esq.
Jeffrey H. Zaiger, Esq.

Gregory P. Joseph Law Offices LLC
485 Lexington Avenue, 30 Floor
New York, NY  10017


Paul A. Engelmayer
Charles C. Platt

Wilmer Cutler Pickering Hale and Dorr LLP
399 Park Avenue
New York, NY  10022
(212) 230-8800

*Counsel for Citigroup Inc.*

15